UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW PETION,

        Plaintiff,

-against-

UNITED STATES MARSHALS SERVICE and
UNITED STATES GENERAL SERVICES
ADMINISTRATION,

        Defendant.
------------------------------------------------------------------X

**COMPLAINT**

Civil No.: 1:19-cv-07302

JURY TRIAL IS DEMANDED

Plaintiff, by his attorneys, GEORGAKLIS & MALLAS PLLC, complaining of the defendants, at all times hereinafter mentioned, upon information and belief, allege as follows:

1. A jury trial is demanded.

## **JURISDICTION AND BACKROUND**

2. At all times herein mentioned, the plaintiff, ANDREW PETION, was and is a citizen, domiciliary and resident of New York.

3. That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES MARSHALS SERVICE, is a Federal agency pursuant to 28 USCA Section 2671.

4. That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, is a Federal agency pursuant to 28 USCA Section 2671.

5. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671.

6. That at all times hereinafter alleged, the plaintiff served a written notice of claim upon defendant, UNITED STATES MARSHALS SERVICE within two years of the date this action accrued pursuant to 28 U.S.C § 2401(b)

7. That at all times hereinafter alleged, the plaintiff served a written notice of claim upon defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION within two years of the date this action accrued pursuant to 28 U.S.C § 2401(b).

8. That more than six months have passed since presentation of a written notice of claim and defendant, UNITED STATES MARSHALS SERVICE, neglected to adjust, settle, or resolve the claim.

9. That on July 2, 2019, defendant UNITED STATES GENERAL SERVICES ADMINISTRATION, denied the claim presented.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 2671 and 28 U.S.C. § 1346(b)

## AS AND FOR A FIRST CAUSE OF ACTION

11. At all times hereinafter mentioned, the roadway area at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York, was and still is a public thoroughfare.

12. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, owned the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

13. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, controlled the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

14. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, maintained the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

15. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, inspected the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

16. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, managed the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

17. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, repaired the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

18. On and prior to April 2, 2019, defendant, UNITED STATES MARSHALS SERVICE, its agents, servants, and/or employees, performed certain work in the roadway area at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

19. On and prior to April 2, 2019, the defendant, UNITED STATES MARSHALS SERVICE, repaired the roadway area at the aforementioned location.

20. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, owned the roadway at or near the aforesaid location including a traffic barrier thereat.

21. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, controlled the roadway at or near the aforesaid location including a traffic barrier thereat.

22. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, maintained the roadway at or near the aforesaid location including a traffic barrier thereat.

23. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, inspected the roadway at or near the aforesaid location including a traffic barrier thereat.

24. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, managed the roadway at or near the aforesaid location including a traffic barrier thereat.

25. At all times hereinafter mentioned, defendant, UNITED STATES MARSHALS SERVICE, repaired the roadway at or near the aforesaid location including a traffic barrier thereat.

26. On and prior to April 2, 2019, defendant, UNITED STATES MARSHALS SERVICE, its agents, servants, and/or employees, performed certain work in the roadway area at or near the aforesaid location including a traffic barrier thereat.

27. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, owned the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

28. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, controlled the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

29. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, maintained the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

30. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, managed the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

31. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, maintained the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

32. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, inspected the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

33. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, repaired the roadway at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

34. On and prior to April 2, 2019, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, its agents, servants, and/or employees, performed certain work in the roadway area at or near Cadman Plaza East & Red Cross Place, Kings County, City and State of New York.

35. On and prior to April 2, 2019, the defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, repaired the roadway area at the aforementioned location.

36. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, owned the roadway at or near the aforesaid location including a traffic barrier thereat.

37. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, controlled the roadway at or near the aforesaid location including a traffic barrier thereat.

38. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, maintained the roadway at or near the aforesaid location including a traffic barrier thereat.

39. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, managed the roadway at or near the aforesaid location including a traffic barrier thereat.

40. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, maintained the roadway at or near the aforesaid location including a traffic barrier thereat.

41. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, inspected the roadway at or near the aforesaid location including a traffic barrier thereat.

42. At all times hereinafter mentioned, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, repaired the roadway at or near the aforesaid location including a traffic barrier thereat.

43. On and prior to April 2, 2019, defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, its agents, servants, and/or employees, performed certain work in the roadway area at or near the aforesaid location including a traffic barrier thereat.

44. At the aforesaid location, the roadway and a portion of the roadway at or near aforesaid area was raised, uneven, broken, worn and trap like, a dangerous, defective and unsafe condition.

45. Defendant, UNITED STATES MARSHALS SERVICE, had actual notice of the aforesaid defective condition existing in the aforementioned location.

46. Defendant, UNITED STATES MARSHALS SERVICE, had constructive notice of the aforesaid defective condition existing at the aforementioned location.

47. The aforementioned condition was caused and created by the defendant, UNITED STATES MARSHALS SERVICE, and/or their agents, employees, servants and/or contractors, who failed to take appropriate action to repair and/or remove the aforementioned defective and dangerous condition.

48. The defendant, UNITED STATES MARSHALS SERVICE, caused and created the aforesaid defective and dangerous condition.

49. Defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, had actual notice of the aforesaid defective condition existing in the aforementioned location.

50. Defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, had constructive notice of the aforesaid defective condition existing at the aforementioned location.

51. The aforementioned condition was caused and created by the defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, and/or their agents, employees, servants and/or contractors, who failed to take appropriate action to repair and/or remove the aforementioned defective and dangerous condition.

52. The defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, caused and created the aforesaid defective and dangerous condition.

53. Said defective and dangerous condition existed thereat and defendant, UNITED STATES MARSHALS SERVICE, had knowledge of same in that prior written notice of the existence of a defective, unsafe and dangerous condition at the aforesaid location was actually given to the defendant and there was a failure and/or neglect within fifteen (15) days after receipt of said notice to repair or remove the defective and dangerous condition or otherwise make the area reasonably safe to the aforesaid occurrence.

54. Said defective and dangerous condition existed thereat and defendant, UNITED STATES GENERAL SERVICES ADMINISTRATION, had knowledge of same in that prior written notice of the existence of a defective, unsafe and dangerous condition at the aforesaid location was actually given to the defendant and there was a failure and/or neglect within fifteen (15) days after receipt of said notice to repair or remove the defective and dangerous condition or otherwise make the area reasonably safe to the aforesaid occurrence.

55. That on April 2, 2019, plaintiff, ANDREW PETION, was lawfully riding his bicycle at the aforementioned location.

56. That on April 2, 2019, while plaintiff, ANDREW PETION, was lawfully riding his bicycle at the aforementioned location, he was caused to be fall off his bike onto the roadway therat by the negligently operated, defective, dangerous, hazardous, and/or malfunctioning aforesaid traffic barrier.

57. That on April 2, 2019, while plaintiff, ANDREW PETION, lawfully present at the aforementioned location, the aforesaid traffic barrier was caused close on his person.

58. The aforesaid occurrence was the result of the negligence, carelessness and recklessness of the defendants, its agents, servants, contractors or employees, in the ownership, operation, maintenance, repair, control and inspection of the aforesaid traffic barrier and security checkpoint.

59. That defendants were negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, repair, control and inspection of the aforesaid traffic barrier and security checkpoint; in erecting the traffic barrier when it was not safe to do so; in activating/opening the traffic barrier as claimant was riding through the security checkpoint; in closing the traffic barrier when it was not safe to do so in failing to see plaintiff; in failing to observe that plaintiff would be in danger if the traffic barrier was activated/opened and/or closed; in failing to look; in failing to see; in failing to see that which was there to be seen; in failing to check if there were any passersby, including plaintiff, before activating and/or closing the aforesaid traffic barrier; in not having an officer stationed at the subject security checkpoint; in failing to operate the subject traffic barriers remotely in a safe manner; in failing to have proper video surveillance to observe people in the roadway when operating the aforesaid traffic barriers remotely; in failing to promulgate appropriate safety

protocols for operation of the subject traffic barrier; in failing to follow appropriate safety protocol in operation of the subject traffic barrier; and in otherwise being negligent, careless and reckless in the ownership, maintenance, rerpair and operation of the aforesaid area.

60. By reason of the foregoing, plaintiff ANDREW PETION was injured.

61. By reason of the foregoing, plaintiff ANDREW PETION was seriously injured.

62. The exemptions set forth in CPLR §1601 do not apply by reason of one or more of the exemptions set forth in CPLR §1602.

63. By reason of the foregoing, plaintiff has sustained damages, both general and special, in an amount that exceeds seventy-five thousand ($75,000.00) dollars to be determined by a jury at the time of trial.

**WHEREFORE**, plaintiff demands judgment against the defendants in this cause of action in an amount that exceeds in an amount that exceeds seventy-five thousand ($75,000.00) dollars to be determined by a jury at the time of trial together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      December 31, 2019

GEORGAKLIS & MALLAS, PLLC

By: Kostantinos Mallas, Esq. (KM 4613)
    Attorneys for Plaintiff
    9118 Fifth Avenue
    Brooklyn, New York 11209
    (718) 238-2400

## VERIFICATION

Kostantinos Mallas, an attorney duly admitted to practice in the State of New York affirms the following under penalties of perjury:

I am a member of Georgaklis & Mallas, PLLC, attorneys for the plaintiff in the captioned action. I have read the foregoing and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of my information and the grounds for my beliefs are communications, papers, reports and investigations contained in the litigation file.

Dated: Brooklyn, New York
       December 31, 2019

                                                  KOSTANTINOS MALLAS